IN THE CIRCUIT COURT OF MARYLAND FOR CHARLES COUNTY

| | | |
|---|---|---|
| SHARON SHOWALTER<br>29721 Wilson Road<br>Mechanicsville, MD 20659<br>　　　　Plaintiff<br><br>v.<br><br>WAL-MART STORES EAST, LP<br>702 SW 8th Street<br>Bentonville, Arkansas 72716-0555<br><br>Serve:<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093-2264<br><br>and<br><br>ANDRE JERMAINE GRIGSBY, SR.<br>11777 Nationals Lane<br>Waldorf, Maryland 20601<br><br>　　　　Defendants | * * * * * * * * * * * * * * * * * * * * * * * * | Case No.: |

*************************************************************************

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW the Plaintiff, Sharon Showalter ("Showalter") by and through counsel, Jeffrey M. Groce and the Law Offices of Robert R. Castro, and brings suit against the Defendants Wal-Mart Stores East, LP ("Wal-Mart") and Andre Jermaine Grigsby, Sr. ("Grigsby"), and for her cause states:

### Count I
### Negligence
### Parties

1. The Plaintiff, Sharon Showalter, is a resident of St. Mary's County, Maryland.

2. The Defendant, Wal-Mart Stores East, LP, is an Arkansas corporation licensed to do business throughout the State of Maryland and that regularly does business in Charles County, Maryland.

3. The Defendant, Andre Jermaine Grigsby, Sr., is a resident of Charles County, Maryland.

### Jurisdiction

4. The Court has jurisdiction over this action pursuant to §1-501 of the Courts and Judicial Proceedings Article of the Maryland Code.

5. Venue is proper in this Court pursuant to Md. Cts. & Jud. Pro. Section 6-201 because the incident occurred in, Defendant Grigsby lives in, and Defendant Wal-Mart carries on a regular business in Charles County, Maryland.

### Factual Background

6. On or about January 19, 2018 at approximately 9:58 p.m., Defendant Wal-Mart owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premises located at 11930 Acton Lane, Waldorf, Charles County, Maryland (otherwise known as Wal-Mart Store #1717).

7. Upon information and belief, Defendant Wal-Mart employed store associates, as well as management and other supervisory personnel for the purpose of supervising employees, patrons, guests and invitees and maintaining said premises in a reasonably safe and suitable condition.

8. At the aforesaid time and place, Defendant Grigsby was working as a manager of the aforementioned premises (Wal-Mart Store #1717). As a manager, Defendant

Grigsby's responsibilities and duties include, but are not limited to, cleaning, monitoring, and maintaining the premises of Wal-Mart Store #1717 to ensure that it is safe, clean, and not dangerous for customers, patrons, and invitees.

9. At the aforesaid time and place, Plaintiff Showalter was lawfully on said premises as a business invitee.

10. At the aforesaid time and place, while the Plaintiff was in an aisle grabbing dog food off a store shelf, an agent, servant or employee of the Defendants placed a pallet jack near the Plaintiff and her shopping cart without warning the Plaintiff. When the Plaintiff turned to place the dog food in her cart, she tripped over the pallet jack that had been placed behind her and fell to the ground with great force.

11. At the aforesaid time and place, the Defendants, individually and/or by and through agents, servants and/or employees, had a duty to maintain the aforementioned premises, including the aisles, in a reasonably safe condition for persons lawfully on said premises, to include the Plaintiff herein.

12. At the aforesaid time and place, the Defendants, by and through agents, servants and/or employees, disregarding said duty created a dangerous and unsafe condition in one of the store aisles by improper placement of the pallet jack, and as a result of this dangerous condition, the Plaintiff tripped and fell.

13. At the aforesaid time and place, the Defendants, as the maintainers of the aforementioned premises, either individually or by and through agents, servants and/or employees acted with less than reasonable care and were then and there negligent by, including but not limited to:

a. failing to provide a good, safe and proper place for the Plaintiff to be, use, occupy, and walk while on the subject premises;

b. allowing and permitting the subject premises to become and remain in a dangerous condition;

c. failing to inspect the premises to be certain that they were in good, safe and proper condition;

d. failing to warn the Plaintiff and other of the unsafe, defective and dangerous condition of the subject premises;

e. failing to warn customers of obstacles in walkways;

f. failing to warn customers of protruding parts on equipment located in customer walkways;

g. failing to give full time and attention to the placement of the pallet jack;

h. failing to keep a proper distance between the pallet jack and the Plaintiff and other persons lawfully on the aforementioned premises;

i. placing the pallet jack in an area that created a dangerous condition for the Plaintiff and other persons lawfully on the aforementioned premises;

j. failing to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when the Defendants knew or should have known in the exercise of reasonable and ordinary care that said warning was necessary to prevent injury to the Plaintiff;

k. failing to properly supervise the store aisles to keep them free from hazards which were recognized or should have been recognized by the Defendants as causing or likely to cause serious physical harm to the Plaintiff;

    a. failing to maintain the store aisles in a safe condition to ensure that the Plaintiff and other persons lawfully on said premises would not be caused to trip and fall as a result of the placement of the pallet jack, which was known and should have been known to the Defendants.

    b. failing to hire and adequately train and supervise suitable and fit employees and/or agents to regularly maintain said premises in a safe and suitable condition.

    l. otherwise failing to exercise the degree of care required under the circumstances; and

    m. otherwise being careless and negligent in the operation and supervision of its premises.

14. The Defendants are responsible for the negligent actions of their agents, servants, and employees.

15. There was no negligence on the part of Plaintiff Showalter.

<u>Damages</u>

16. As a direct and proximate result of the aforesaid careless and negligent acts, Plaintiff Showalter suffered bodily injuries that have caused and will continue to cause, physical and mental pain and suffering. Plaintiff Showalter has incurred and will incur medical and related expenses and other medical treatment, lost wages, mileage expenses back and forth between medical visits. Plaintiff's injuries are permanent and have caused and continue to cause inconvenience, affect her ability to perform everyday activities and have resulted in other injuries and resulting damages.

17. The above injuries and damages were proximately caused by the negligence of Defendants Wal-Mart Stores Easy, LP and Andre Jermaine Grigsby, Sr. without any contributing negligence on the part of Plaintiff Showalter.

WHEREFORE, Plaintiff Sharon Showalter respectfully requests judgment against Defendants Wal-Mart Stores East, LP and Andre Jermaine Grigsby, Sr. in an the amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus costs of suit and such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Jeffrey M. Groce, Esq.
CPF#: 8612010196
2670 Crain Highway, Suite 411
Waldorf, Maryland 20601
Telephone: (301) 870-1200
Facsimile: (301) 705-6667
jgroce@castrolawgroup.com
*Attorney for Plaintiff*

_____
Robert R. Castro, Esq.
CPF#: 9312140125
2670 Crain Highway, Suite 411
Waldorf, Maryland 20601
Telephone: (301) 870-1200
Facsimile: (301) 705-6667
robert@castrolawgroup.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff, by and through the undersigned counsel and pursuant to Md Rule §2-325, hereby demands trial by jury of all issues in this matter.

Respectfully submitted,

_____
Jeffrey M. Groce, Esq.